ROBERT KELLER, a Minor, by and through his Mother and Next Friend, Judith Keller, Plaintiff-Appellant, v. RALPH MOLS, JR., Defendant-Appellee.

First District (3rd Division)   Nos. 85—3561, 86—2195 cons.

Opinion filed May 27, 1987.

Barclay, Damisch & Sinson, Ltd., of Chicago (George D. Maurides, of counsel), for appellant.

Clausen, Miller, Gorman, Caffrey & Witous, P.C., of Chicago (James T. Ferrini, Mary C. O'Connor, and Paul D. Sheldon, of counsel), for appellee.

JUSTICE WHITE delivered the opinion of the court:
Plaintiff, 14-year-old Robert Keller, while playing goalie in a game

of floor hockey with his younger brother and two neighbor boys, was struck in the eye by a plastic puck shot by defendant, 13-year-old Ralph Mols, Jr. Keller, through his mother and next friend, Judith Keller, filed a complaint naming as defendants both Ralph and his parents, whose patio was the site of the game. Plaintiff claimed that defendant was negligent in shooting a hockey puck in the direction of a person who was not wearing protective equipment and that his parents were negligent in permitting neighborhood children to play floor hockey on their property and in failing to warn them of the dangers of playing the game without protective equipment.

The trial court granted summary judgment for defendant's parents. On appeal of that judgment, we declined to impose a duty of care on defendant's parents and affirmed the judgment in their favor. (*Keller v. Mols* (1984), 129 Ill. App. 3d 208, 472 N.E.2d 161.) Though our analysis in the earlier appeal focused on the burden to be placed on parents in similar situations, the trial court ruled that our decision was the law of the case on the issue of whether the parties were participating in a "game" as defined in *Oswald v. Township High School District No. 214* (1980), 84 Ill. App. 3d 723, 406 N.E.2d 157. In *Oswald*, this court held that in some sports activities, participants could be liable to each other only for reckless or wanton conduct, not for mere negligence. In the case at bar, the trial court, considering the issue of the application of *Oswald* foreclosed by our opinion, granted summary judgment for defendant on the negligence claim. Plaintiff amended his complaint to allege willful and wanton conduct by defendant. The trial court granted summary judgment for defendant on that complaint also, stating that there was "not a scintilla" of evidence supporting a claim of willful or wanton conduct. Plaintiff contends that neither grant of summary judgment was proper.

Both parties agree that the sufficiency of plaintiff's negligence complaint is governed by *Oswald*. Plaintiff interprets that case to preclude negligence liability only in cases where the participants in a sporting event are organized and coached and to allow negligence claims where such structure is absent. He argues that the absence or presence of the structure described in *Oswald* is a factual issue not resolved by our prior decision in this case and that the issue should be determined by a jury, not by summary judgment.

■ We find no support for plaintiff's interpretation. Though *Oswald* quoted language from *Nabozny v. Barnhill* (1975), 31 Ill. App. 3d 212, 334 N.E.2d 258, which referred to training, coaching, and a recognized set of rules, *Oswald's* holding was not confined to strictly structured activities:

"While *Nabozny* held that a recognized safety rule placed a duty on all players in a soccer game to refrain from conduct proscribed by the rule [citation], we find nothing in that case supportive of plaintiff's contention that the proof of ordinary negligence will sustain an action for injury to a player where the violation of a safety rule is involved in the injury; rather, we see *Nabozny* as establishing the standard of conduct to be willfulness or a reckless disregard of safety where an injury to a player comes in an athletic competition involving bodily contact." (*Oswald v. Township High School District No. 214* (1980), 84 Ill. App. 3d 723, 726-27.)

*Oswald* thus established that, in determining whether a sports participant may be liable for injuries to another player caused by mere negligence, the relevant inquiry is whether the participants were involved in a contact sport, not whether they were organized and coached. We find no basis for imposing a greater duty of care on youths merely because their games have shifted from the school gymnasium to their homes.

■ In the instant case, the parties admit their participation in a floor hockey game; their description of the game reveals the adaptation of ordinary hockey rules for their game and corroborates the common conception of hockey as a contact sport. Plaintiff, having conceded his participation in a contact sport, was precluded from recovery on a negligence claim as a matter of law. Summary judgment for defendant was therefore proper on that claim.

■ We also find summary judgment to be an appropriate disposition of plaintiff's claim of willful and wanton conduct on the part of defendant. Willful and wanton conduct has been defined as an intentional or reckless disregard for the safety of others. (*Coleman v. Hermann* (1983), 116 Ill. App. 3d 448, 452 N.E.2d 620.) We agree with the trial court's determination that there is no evidence to support such a claim in this case. The parties, by their own estimate, had played the game under similar conditions more than 20 times prior to the date in question without injury to any of the participants. The plastic puck they used had been lifted above floor level many times. Plaintiff argues that defendant's shot showed a reckless disregard for his safety, yet his own participation as goalie without the use of a mask indicates that the players perceived no danger from the puck. Plaintiff has made no suggestion that defendant's action was anything other than a goal-scoring attempt in the course of a normal hockey game. These facts can hardly be construed as a disregard of danger that defendant was or should have been aware of. Since plaintiff has

neither raised an issue of material fact nor alleged facts that would enti-
tle him to a verdict, summary judgment against him was proper. *Gehr-
man v. Zajac* (1975), 34 Ill. App. 3d 164, 166, 340 N.E.2d 184.

Accordingly, we affirm the order of the circuit court of Cook County
granting summary judgment for defendant.

Affirmed.

RIZZI and FREEMAN, JJ., concur.