**Ron HATHAWAY, Appellant,**

v.

**TASCOSA COUNTRY CLUB, INC. and Wayne Barfield, Appellees.**

No. 07–92–0037–CV.

Court of Appeals of Texas, Amarillo.

Jan. 28, 1993.

Rehearing Overruled March 1, 1993.

Douglas R. Woodburn, Amarillo, for appellant.

Peterson Farris Doores & Jones, Thomas D. Farris, Sanders Baker & Jesko, Herman Jesko and Brian R. Smith, Amarillo, for appellees.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

POFF, Justice.

While playing golf at Amarillo's Tascosa Country Club (Tascosa), appellant Ron Hathaway was struck in the head by a golf ball driven by Wayne Barfield. As a result, Hathaway suffered a permanent loss of vision in his left eye. Hathaway brought suit against both Barfield and Tascosa. The trial court granted summary judgment for both defendants. Hathaway appeals, advancing three points of error. We will affirm the summary judgment as to Barfield, but sever and reverse the summary judgment as to Tascosa.

*The Injury: Hit by a Haphazard Hook*

The driving range at Tascosa Country Club faces southwest and runs parallel to hole number nine on the left and hole number eighteen on the right. Both the ninth and eighteenth holes are played in a northeasterly direction. While practicing on the driving range, Barfield hit a golf shot that hooked to the left and veered out of the range area and hit Hathaway as he was driving a golf cart along the cart path on the ninth hole. Barfield yelled "fore" just prior to impact but Hathaway was unable to avoid being hit by the errant shot.

The summary judgment evidence showed that Barfield did not see Hathaway before hitting his ball. Hathaway had just rounded a bend in the cart path and emerged from behind a line of trees when Barfield struck his fateful shot. Barfield had been hitting balls from the left side of the driving range because he generally sliced the ball to the right. Barfield apparently hit the ball in question off the heel of his club, causing it to hook uncharacteristically to the left.

Both Hathaway and Barfield were members of Tascosa Country Club and were familiar with the layout of the course. Both men knew that balls hit from the driving range often carried out of the driving range area, across the cart path on hole number nine and into that hole's fairway. Both men had often seen range balls lying in the ninth fairway. Hathaway had even discussed the danger of the driving range being adjacent to the ninth and eighteenth holes with a friend some time prior to the accident. Hathaway was aware of the possibility of being struck by a golf ball driven off the practice tee while playing the ninth hole. He acknowledged that it would have been a good idea to be on the lookout for errant practice drives while playing the ninth hole but that he could not say for sure whether he was keeping such a lookout on the day of the accident.

Hathaway alleged negligence on the part of both Barfield and Tascosa and sought to hold them liable for his injuries and his medical expenses. Barfield filed a motion for summary judgment on the ground that he was not negligent. Tascosa filed a motion for summary judgment in which it claimed that summary judgment should be granted in its favor as a matter of law. The trial court granted both motions.

In ordering summary judgment in favor of Barfield and Tascosa, the trial court implicitly found that neither defendant acted negligently as alleged by Hathaway. In other words, the trial court determined that neither Barfield nor Tascosa breached a duty, if any, owed to Hathaway. On appeal, Hathaway argues that the trial court erred in ordering summary judgment because both Barfield and Tascosa breached duties owed to him. This argument comprises Hathaway's first two points of error. Hathaway's third point of error, as it relates to Barfield, is covered by points of error one and two. We will examine the propriety of the trial court's order as to Barfield and Tascosa separately.

### The Summary Judgment in Favor of Barfield

■ Our initial task is to determine what duty, if any, Barfield owed to Hathaway. This is a matter of first impression in Texas. Although the Lone Star State is liberally sprinkled with golfers and golf courses, no reported Texas case has dealt with the duty one golfer owes to another. Hathaway argues that the proper standard is ordinary negligence and that Barfield owed him a duty of ordinary care. We disagree.

In the recent case of *Connell v. Payne*, 814 S.W.2d 486 (Tex.App.—Dallas 1991, writ denied), our sister court of appeals in Dallas was faced with determining the legal duty owed by one participant to another participant in a polo match. The court rejected the plaintiff's suggestion that the standard was one of ordinary negligence. Instead, the court held that "for a plaintiff to prevail in a cause of action for injuries sustained while participating in a *competi-*

*tive contact sport,* the plaintiff must prove the defendant acted 'recklessly' or 'intentionally' as the Restatement of Torts defines those terms." *Id.* at 489 (emphasis added). While the genteel game of golf can hardly be described as a "competitive contact sport," we believe the reckless and intentional standard is every bit as appropriate to conduct on the links as it is to conduct on the polo field. In support of this proposition we cite the well-reasoned case of *Thompson v. McNeill*, 559 N.E.2d 705 (Ohio 1990).

■ In *Thompson,* the issue before the Ohio Supreme Court was the degree of care owed between participants in the sport of golf. The court held that in sports such as golf, "only injuries caused by intentional conduct, or in some instances reckless misconduct, may give rise to a cause of action." *Id.* at 706. "There is no liability for injuries caused by negligent conduct." *Id.* "A player who injures another player in the course of a sporting event by conduct that is a foreseeable, customary part of the sport cannot be held liable for negligence because no duty is owed to protect the victim from that conduct." *Id.* at 707. Acts that would be negligent if performed on a city street or in a backyard are not negligent in the context of a game where a risk of inadvertent harm is built into the sport.

As those persons who play golf well know, "shanking the ball is a foreseeable and not uncommon occurrence." *Id.* at 709. "The same is true of hooking, slicing, pushing, or pulling a golf shot." *Id.* Because of the great likelihood of these unintended and offline shots, it can indeed be said that the risk of being inadvertently hit by a ball struck by another competitor is built into the game of golf. Despite the marvelous advances in golf equipment over the course of the past half-century, the following words, penned during the days when golf club shafts were made of hickory sticks, still ring true:

It is well known that not every shot played by a golfer goes to the point where he intends it to go. If such were the case, every player would be perfect

and the whole pleasure of the sport would be lost. It is common knowledge, at least among players, that many bad shots must result although every stroke is delivered with the best possible intention and without any negligence whatever.

*Benjamin v. Nernberg,* 102 Pa.Super. 471, 157 A. 10, 11 (1931). Many bad shots carry the ball to the right or the left of an intended line of play. *Id.* Golfers playing to the right or left of that line will of course be endangered by such shots. *Id.* "This risk all golf players must accept." *Id.*

■ We hold that for a plaintiff to prevail in a cause of action against a fellow golfer, the defendant must have acted recklessly or intentionally. The summary judgment record offers no evidence that Barfield recklessly or intentionally drove his golf ball out of the range area and onto the ninth fairway so as to endanger other golfers. Points of error one, two and three are overruled as to Barfield and the trial court's order of summary judgment in favor of Barfield is affirmed.

### The Summary Judgment in Favor of Tascosa

■ As in our analysis of the summary judgment in favor of Barfield, we must initially determine what duty, if any, Tascosa owed to Hathaway. As a business invitor, Tascosa is subject to the same liability imposed on other possessors of land. Hathaway was unquestionably an invitee of Tascosa Country Club[1] and therefore Tascosa owed him the following duty set forth in Restatement (Second) of Torts § 343 (1965):

§ 343. Dangerous Conditions Known to or Discoverable by Possessor

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

The Texas Supreme Court explicitly approved section 343 in *Adam Dante Corp. v. Sharpe,* 483 S.W.2d 452, 454–55 (Tex.1972), and additionally declared that a land occupier has a further duty to exercise reasonable care in inspecting the premises to discover any latent defects and to make safe any defects or to give an adequate warning. *Id.* at 455.

■ Tascosa argues that the traditional duty owed by a land occupier to an invitee is inapplicable to the occupiers of sports and recreation areas. As support for its argument, Tascosa cites *Friedman v. Houston Sports Ass'n,* 731 S.W.2d 572 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.), and *McNiel v. Fort Worth Baseball Club,* 268 S.W.2d 244 (Tex.Civ. App.—Fort Worth 1954, writ ref'd). Neither of these cases, however, support Tascosa's argument. *Friedman* and *McNiel* merely hold that there is no duty on the part of the owner of a baseball stadium to warn spectators of the open and obvious risk of injury from baseballs. Neither case indicates that traditional notions of land-occupier liability do not apply to occupiers of sports facilities. In fact, the *McNiel* court stated that its holding did not eliminate a stadium owner's duty to exercise reasonable care to protect patrons against injury. *Friedman v. Houston Sports Ass'n,* 731 S.W.2d at 574.

Tascosa also relies on the case of *Hornstein v. State,* 30 A.D.2d 1012, 294 N.Y.S.2d 320 (1968), to support its argument. Such reliance is misplaced. *Hornstein* dealt with a case in which a question of fact was presented to the trial court as to the negligent construction of a golf course at a New York state park. The

1. Club membership creates an invitee relationship. *Adam Dante Corp. v. Sharpe,* 483 S.W.2d 452, 454 (Tex.1972).

appellate court merely found that the trial court's finding of no negligent construction could not be set aside. We reject Tascosa's argument and hold that traditional notions of the duty owed to an invitee by the occupier of land apply to the owner of a golf course. Accordingly, Hathaway would have a viable cause of action against Tascosa for a breach of this traditional duty.

■ In order to prevail on summary judgment, a defendant must conclusively disprove the plaintiff's cause of action. *Bryant v. Gulf Oil Corp.*, 694 S.W.2d 443, 445 (Tex.App.—Amarillo 1985, writ ref'd n.r.e.). In the present case, Tascosa's summary judgment evidence does not disprove Hathaway's cause of action. Instead, the summary judgment evidence gives rise to several fact issues, namely: (1) whether Tascosa knew or should have known that the layout of the driving range next to the ninth and eighteenth fairways involved an unreasonable risk of harm to golfers; (2) whether golfers would discover the danger and protect themselves against it; and (3) whether Tascosa failed to exercise reasonable care to protect golfers from the danger. These are issues that should be decided by a jury. Points of error one and two are sustained as to Tascosa.

■ In his third point of error, Hathaway contends that Tascosa's motion for summary judgment was defective in that it failed to state the specific grounds therefor as required by Tex.R.Civ.P. 166a(c). We disagree. Tascosa's motion declared that it was entitled to summary judgment as a matter of law. Tascosa's motion also stated that Hathaway's cause of action "arose from being hit in the head with a golfball while participating in the sport at Defendant Tascosa Country Club." In light of the fact that Hathaway pleaded only a negligence cause of action, we find that Tascosa's motion put into issue the viability of Hathaway's negligence claim. Thus, Tascosa's motion addresses the cause of action plead as required by *Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20, 27 (Tex. 1990). Moreover, any deficiency in the motion's specificity was waived by Hathaway

when he failed to file an exception to the summary judgment motion stating that failure to specify the ground for summary judgment left him without adequate information to oppose the motion. *Jones v. McSpedden*, 560 S.W.2d 177, 179 (Tex.Civ. App.—Dallas 1977, no writ). Point of error three is overruled.

The trial court erred by granting summary judgment in favor of Tascosa. The cause of action alleged against Tascosa is severed, the trial court's summary judgment in favor of Tascosa is reversed, and the cause is remanded to the trial court for a trial on the merits.