Martin C. DAVIS, Petitioner,

v.

Kenneth E. GREER and wife, Virginia
Greer, Respondents.

No. 96–0516.

Supreme Court of Texas.

Oct. 18, 1996.

Rehearing Denied Jan. 31, 1997.

Peter E. Ferraro, Ronald Houdyshell, Austin, Roland L. Leon, Corpus Christi, Vaughan E. Waters, Austin, for Petitioner.

Ken Dahlberg, Corpus Christi, for Respondents.

Opinion on Denial of Application
for Writ of Error

GONZALEZ, Justice.

This case involves a suit for damages resulting from a collision at home plate between two softball players in a municipal league. Kenneth E. Greer blocked the plate and alleges that the base runner, Martin Davis, who was trying to score after a base hit, recklessly or intentionally collided with him causing injuries for which he and his wife request over $750,000 in damages. The umpire, who called Davis out, testified that the collision at home plate was an accident and not the fault of either party. The trial court granted summary judgment in favor of Davis. The court of appeals reversed. 921 S.W.2d 325. The specific argument that Davis did not owe Greer a duty to protect him from the inherent risks of the game was not reached by a majority of the Court on procedural grounds. Nonetheless, the potential for lawsuit abuse in the context of sports injuries calls for a better standard than the one adopted by the court of appeals.

Although Texas has abolished assumption of the risk as a complete defense in some contexts, it remains viable when a party expressly consents to the conduct. See Farley v. M M Cattle Co., 529 S.W.2d 751, 758 (Tex.1975). In the context of sports, one court has held: "A participant in a competitive contact sport expressly consents to and assumes the risk of the dangerous activity by voluntarily participating in the sport." Connell v. Payne, 814 S.W.2d 486, 488–89 (Tex. App.—Dallas 1991, writ denied). The court in that case held that a participant's consent does not extend to reckless or intentional conduct. See id. at 489.

In its opinion, the court of appeals in the present case states: "The fact that a claimant must prove 'intentional or reckless' conduct, rather than mere negligence, protects defendants such as Davis from suit for genuinely accidental injuries." 921 S.W.2d at 328–29. Unfortunately, while that standard may ultimately protect Davis from liability in this case, it did not protect him from suit for this foreseeable injury and does not allow him to obtain a summary disposition of this frivolous lawsuit.

I agree that protecting defendants from suit for genuinely accidental injuries that occur during the course of a sport or activity is a worthy public policy goal. However, the "reckless or intentional" standard utilized by the court of appeals and adopted by a number of jurisdictions throughout the nation falls short of accomplishing this goal. Defendants who participate in a sport and are involved in a foreseeable play which results in another player's injuries are unprotected from suit and are unable to obtain summary judgment because of the ease with which a plaintiff can raise a fact question as to the defendant's state of mind.

A better standard, and one which would accomplish the goal of protecting defendants from suit for genuinely accidental injuries, is this: By voluntarily participating in a competitive sport, a participant is deemed to have consented to and assumed the risk of all harmful contacts and foreseeable injuries that are inherent to that particular sport. This more accurately reflects the understanding of sports participants. This is very similar to the standard that courts in Texas and throughout the country have utilized. However, it would prevent cases such as the one now before us from proceeding to trial

merely because a plaintiff alleges that the defendant acted recklessly or intentionally when it is clear that the injury resulted from a risk that was an obvious and foreseeable part of the game. This standard still provides a judicial remedy for participants who are injured as a result of an abnormal or unforeseeable act to which they did not consent. Utilizing this standard, courts will no longer be required to determine the subjective state of the participant's mind, but can instead concern themselves with the objective determination of whether the actions were foreseeable or expected in the course of the particular sporting event.

Leading cases throughout the country have argued that a recklessness standard "promotes sound public policy by allowing redress in extraordinary circumstances without permitting fear of litigation to alter the nature of the game. Courts have recognized that, in the heat of an athletic contest, normal energetic conduct may include accidentally careless behavior." *Hoke v. Cullinan*, 914 S.W.2d 335, 338 (Ky.1995). Unfortunately, as the case before us demonstrates, the "reckless or intentional" standard is not workable to ferret out unmeritorious claims. Fear of litigation will alter the nature of the game if participants in athletic contests are forced to endure the costly ordeal of a trial every time an injury occurs on the playing field and the injured player makes an accusation of reckless or intentional conduct. The player accused can take little comfort in the fact that he or she will ultimately prevail after an expensive trial. Public policy demands that participants in athletic contests be allowed to obtain summary disposition when they can show that the injury resulted from a foreseeable and expected play to which all participants in the sport are deemed to have consented.