Edward Lockwood **MOORE,**
**III, Appellant,**

v.

**PHI DELTA THETA COMPANY d/b/a Phi Delta Theta Fraternity, The Texas Eta Chapter of Phi Delta Theta Company, and Chris Leonard, Appellees.**

No. 01–96–00363–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 7, 1998.

R.L. Pete McKinney, Houston, for Appellants.

Wilton F. Chalker, Houston, for Appellees.

Before WILSON, ANDELL and HUTSON–DUNN,[1] JJ.

## OPINION

ANDELL, Justice.

We deny the appellant's motion for rehearing, but withdraw our previous opinion and issue this one in its stead.

We are asked to determine whether the nonparticipating parties to a competitive contact sports event owe a player in that event the same standard of care owed to him by participants. The trial court granted summary judgment in favor of the appellees. We reverse the judgment and remand this cause for further proceedings.

In September 1992, Texas Eta, a chapter of the Phi Delta Theta fraternity, sponsored "war games" for prospective pledges, one of

whom was the appellant. The game involved two teams, each attempting to shoot the opposition with paint balls. The last team with an unpainted member would be the winner.

During the game, a tree limb snagged and lifted the appellant's protective goggles. As he stood and fired another round without replacing them, a paint ball hit him, permanently blinding him in one eye. The appellant concedes that he voluntarily participated in the war games. He also admits the fraternity did not charge him either to play the game or use the equipment.

The appellant sued Phi Delta Theta, the Texas Eta chapter, and chapter president, Chris Leonard, alleging negligence in the following respects:

(1) sponsoring an unreasonably dangerous activity,

(2) failing to provide adequate protective equipment to engage in the activity,

(3) failing to properly train him prior to engaging in the activity, and

(4) failing to properly train the fraternity members participating in the activity in the proper use of the equipment.

He further alleged Texas Eta and Leonard were negligent for:

(5) failing to properly monitor the activities of its local chapter, and

(6) failing to have proper rules regulations, and sanctions for its local chapter when that chapter engages in unauthorized rush activities.

The appellees assert the "competitive contact sports doctrine" in defense, arguing that, because war games is a competitive contact sport, the appellees only owed the appellant a duty not to intentionally or recklessly injure him and that, therefore, they could not be liable for negligence. The court granted summary judgment.

We review the grant of a motion for summary judgment under the following standard: (1) a summary judgment movant has the burden of showing there is no genuine issue of material fact as to one or more of the

1. The Honorable D. Camille Hutson–Dunn, retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

essential elements of the plaintiff's cause of action and that the movant is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *See Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

The appellant's first point of error does nothing more than state the standard of review and is, therefore, subsumed into the remaining points of error.

The appellant's second point of error asserts the trial court erred in granting summary judgment on a ground not specifically contained in the motion. We disagree.

■ As a general rule, assumption of risk has been abolished as an affirmative defense to negligence actions. *See Farley v. M M Cattle Co.,* 529 S.W.2d 751, 758 (Tex. 1975). Instead, the factfinder must weigh the plaintiff's consent as a comparative negligence factor. *See id.; see also* TEX. CIV. PRAC. & REM.CODE ANN. § 33.001 (Vernon 1997). However, "strict liability cases and cases in which there is a knowing and express oral or written consent to the dangerous activity or condition" are an exception to the general rule. *Farley,* 529 S.W.2d at 758. The competitive contact sports doctrine, an outgrowth of assumption of risk, falls within the exception. *See Connell v. Payne,* 814 S.W.2d 486, 488–89 (Tex.App.—Dallas 1991, writ denied).

■ The appellees' motion denied they were negligent because the appellant willingly participated in a competitive contact sport. The court granted summary judgment "on the basis that plaintiff assumed the risk of injury in the paint ball game." Because the appellees urged the competitive sports doctrine, which arose from assumption of the risk, and because the more general theory of assumption of risk is now subsumed into principles of contributory negligence, we believe the court based the summary judgment on the competitive contact sports doctrine. Accordingly, we overrule point of error two.

In his third point of error, the appellant contends sponsors of an event may not assert the competitive contact sports doctrine because they are not participants. This issue has not been addressed by a Texas court.

■ The reason the law relieves participants of the higher standard of care is to encourage a vigorous and competitive spirit on the field of play. *See Nabozny v. Barnhill,* 31 Ill.App.3d 212, 334 N.E.2d 258, 260 ([1st Dist.] 1975); *Marchetti v. Kalish,* 53 Ohio St.3d 95, 559 N.E.2d 699, 703 (1990). The doctrine is based on a participant's acknowledgment of the dangers of the game and his readiness to risk possible injury as an opportunity cost of the fun he could have. All participants in sporting activities are presumed aware of certain dangers inherent in a particular sport they play. *See Thompson v. McNeill,* 53 Ohio St.3d 102, 559 N.E.2d 705, 707 (1990). Because applying the negligence standard of care to sports participants could chill vigorous and competitive participation, courts are reluctant to allow a cause of action for injuries received during the course of play. *See Nabozny,* 334 N.E.2d at 260; *Marchetti,* 559 N.E.2d at 701. Because, "some of the restraints of civilization must accompany every athlete onto the playing field," *Nabozny,* 334 N.E.2d at 260, a participant in a competitive contact sport may recover damages from another participant only if that other participant intentionally or recklessly injures the first in a way not contemplated by the sport.[2] *Connell,* 814 S.W.2d at 489. This rule balances the need to protect athletes while maintaining and encouraging the competitive spirit, *see Marchetti,* 559

---

2. On rehearing, we are urged to adopt Justice Gonzalez's opinion on a denial of application for writ of error in *Davis v. Greer,* 940 S.W.2d 582 (Tex.1996). In dicta, Justice Gonzalez recommended a change in the standard of care one sports participant owes another. *Id.* at 583. In place of the current "reckless or intentional" standard, Justice Gonzalez would prefer courts make "an objective determination of whether the actions were foreseeable or expected in the course of the particular sporting event." *Id.*

Justice Gonzalez's dicta was not the opinion of the Texas Supreme Court. We refrain from predicting whether his standard will be adopted, and apply the law in its present state.

N.E.2d at 703, and recognizes that actions that would otherwise be considered negligent in everyday life are accepted, and often encouraged, in a sporting activity. *See Hathaway v. Tascosa Country Club, Inc.*, 846 S.W.2d 614, 616 (Tex.App.—Amarillo 1993, no writ).

There is no Texas case, however, that supports immunizing sponsors and other nonparticipants whose duties extend to instruction, maintenance of equipment and facilities, and other considerations outside the actual conduct of the game. *See Connell*, 814 S.W.2d at 488 (where standard of intentionally or recklessly causing injury is applied to the participant, but ordinary negligence applied to the polo club). Further, we decline to consider "policy arguments" as a basis for expanding for the first time a narrow exception limited to the benefit of participants in contact sports. Finally, we see a generic difference between participants caught in the spirit of the contest, and nonparticipants who have the benefit of reflection before they act. Of such is the difference between ordinary negligence and intentional or reckless conduct.

 We hold that under prevailing standards of Texas law the conduct of nonparticipants connected to a contact sports activity is judged by concepts of ordinary negligence, rather than the different and more demanding standard of care (from the viewpoint of the plaintiff's burden of proof) that is applied to a game's participants under the competitive contact sports doctrine. Because fact questions remain, we sustain the appellant's third point of error.

We reverse the judgment and remand this cause for further proceedings.

En banc consideration was requested.

A majority of the Justices of the Court voted to overrule the request for en banc consideration.

TAFT, J., dissenting from the overruling of the request for en banc consideration, and HEDGES and NUCHIA, JJ., agree with that dissenting opinion.

TAFT, Justice, dissenting from the overruling of the request for en banc consideration.

Acknowledging this is a case of first impression in Texas, the Panel declined to consider "policy arguments." The Panel sees a difference between participants caught in the spirit of the contest and nonparticipants who have the benefit of reflection before they act. I wholly disagree with the reasoning and result of the Panel's opinion.

### Competitive Contact Sports Doctrine

Nevertheless, the Panel opinion's development of the law pertaining to the competitive contact sports doctrine is sound and I repeat it here. As a general rule, assumption of risk has been abolished as an affirmative defense to negligence actions. *See Farley v. M M Cattle Co.*, 529 S.W.2d 751, 758 (Tex. 1975). Instead, the factfinder must weigh the plaintiff's consent as a comparative negligence factor. *See id.; see also* TEX. CIV. PRAC. & REM.CODE ANN. § 33.001 (Vernon 1997). However, "strict liability cases and cases in which there is a knowing and express oral or written consent to the dangerous activity or condition" are an exception to the general rule. *Farley*, 529 S.W.2d at 758. The competitive contact sports doctrine, an outgrowth of assumption of risk, falls within the exception. *See Connell v. Payne*, 814 S.W.2d 486, 488–89 (Tex.App.—Dallas 1991, writ denied).

The reason the law relieves participants of the higher standard of care (requiring intent or recklessness rather than negligence) is to encourage a vigorous and competitive spirit on the field of play. *See Nabozny v. Barnhill*, 31 Ill.App.3d 212, 334 N.E.2d 258, 260 ([1st Dist.] 1975); *Marchetti v. Kalish*, 53 Ohio St.3d 95, 559 N.E.2d 699, 703 (1990). The doctrine is based on a participant's acknowledgment of the dangers of the game and his readiness to risk possible injury as an opportunity cost of the fun he could have. All participants in sporting activities are presumed to be aware of certain dangers inherent in a particular sport they play. *See Thompson v. McNeill.* Because applying the negligence standard of care to sports participants could chill vigorous and competitive

participation, courts are reluctant to allow a cause of action for injuries received during the course of play. *See Nabozny*, 334 N.E.2d at 260; *Marchetti v. Kalish*, 559 N.E.2d at 701. Because, "some of the restraints of civilization must accompany every athlete onto the playing field," *Nabozny*, 334 N.E.2d at 260, a participant in a competitive contact sport may recover damages from another participant only if that other participant intentionally or recklessly injures the first in a way not contemplated by the sport. *Connell*, 814 S.W.2d at 489. This rule balances the need to protect athletes while maintaining and encouraging the competitive spirit, *see Marchetti*, 559 N.E.2d at 703, and recognizes that actions that would otherwise be considered negligent in everyday life are accepted, and often encouraged, in a sporting activity. *See Hathaway v. Tascosa Country Club, Inc.*, 846 S.W.2d 614, 616 (Tex.App.—Amarillo 1993, no writ).

Where I part with the Panel opinion is in: (1) its assertion that there is a generic difference between participants and sponsors regarding the benefit of reflection before action; and (2) its express refusal to consider policy arguments in deciding an issue of first impression. Appellant had plenty of time to reflect upon the risks involved in playing war games shooting paint balls before participating. In addressing an issue of first impression, we ought to consider policy arguments. We also ought to consider the manner in which other jurisdictions have decided the matter.

### The Benefit of Reflection

The Panel opinion relies on a difference between participants caught in the spirit of the context and nonparticipants who have the benefit of reflection before they act. This ignores the fact that, when dealing with dangers inherent to a particular sport, participants are well aware of the risk in plenty of time to reflect on whether to accept those risks. As stated in the original opinion, and repeated above, "The doctrine [of competitive contact sports doctrine] is based on a participant's acknowledgement of the dangers of the game and his readiness to risk possible injury as an opportunity cost of the fun he could have."

### Policy Arguments

Applying the negligence standard of care to sports sponsors for injuries due to inherent dangers of a competitive contact sport is just as likely to chill vigorous and competitive participation as applying it to participants. Indeed, it is likely to chill the opportunity to engage in such sports. The same balance between the need to protect athletes while maintaining and encouraging competitive spirit applies to sponsors as well as participants.

### Other Jurisdictions

The Panel opinion acknowledged Ohio cases as the genesis of the competitive contact sports doctrine. Appellees pointed out in their original brief, and on rehearing, that Ohio has applied the doctrine to nonparticipants. *See Gallagher v. Cleveland Browns Football Co.*, 638 N.E.2d 1082 (Ohio App. 1994); *Kline v. OID Assoc., Inc.*, 80 Ohio App.3d 393, 609 N.E.2d 564 (1992). Appellees also rely on decisions from California and Illinois disallowing recovery against nonparticipant for negligence under competitive contact sports doctrine rationales. *See Harrold v. Rolling "J" Ranch*, 19 Cal.App.4th 578, 23 Cal.Rptr.2d 671 ([2d Dist.] 1993); *Keller v. Mols*, 156 Ill.App.3d 235, 108 Ill. Dec. 888, 509 N.E.2d 584 ([1st Dist.] 1987).

### Conclusion

In deciding an important issue of first impression in Texas, I suggest that appellees' persuasive arguments should at least be addressed. Because a majority of this Court overrules the request for en banc consideration without having done so, I vigorously dissent.

HEDGES and NUCHIA, JJ., agree with this dissenting opinion.