NO. 07-05-0190-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

SEPTEMBER 13, 2006
_____

SANDRA WILLIS, ALLEN WILLIS, and FREMONT INDUSTRIAL
INDEMNITY COMPANY,

Appellants

v.

GARY WILLOUGHBY, individually and d/b/a WILLOUGHBY'S
ENTERPRISE-BACK OFF,

Appellee
_____

FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;

NO. 32,464; HON. JOHN T. FORBIS, PRESIDING
_____

***Opinion***
_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

Sandra Willis (Sandra), her husband Allen Willis (Allen), and Fremont Industrial Indemnity Company appeal from a summary judgment wherein the trial court decreed that they take nothing against appellee Gary Willoughby, individually and d/b/a Willoughby's Enterprise-Back Off (Willoughby). Through their various issues, they contend that the trial court erred in granting the summary judgment. We affirm.

*Background*

The dispute involved a release executed by Sandra prior to receiving instruction in self-defense from Willoughby.  While participating in the self-defense class, Sandra broke her ankle.  Thereafter, she and her husband sued Willoughby for negligence.  Fremont intervened, asserting a claim for subrogation.  It had allegedly paid Sandra worker's compensation benefits arising from the injury and believed itself entitled to recoup the payments made to her.

Willoughby moved for summary judgment.  He contended that he owed duties to neither the plaintiffs nor intervenor.  This was purportedly so because 1) the injury arose from a risk inherent in the activity, 2) Sandra expressly assumed the risk of injury, 3) Sandra released Willoughby from liability and had actual knowledge of the release, and 4) Sandra waived all claims arising from participation in the classes.  The motion was granted; however, in granting same, the trial court did not specify the ground upon which it relied.

*Law and Its Application*

It is beyond dispute that one moving for a traditional summary judgment has the burden to prove his entitlement to it, as a matter of law.  *Southwestern Elec. Power Co. v. Grant,* 73 S.W.3d 211, 215 (Tex. 2002).  In determining whether this standard was met, we must view the summary judgment evidence in a light most favorable to the non-movant.  *Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex. 1965).  Moreover, when judgment is sought on multiple grounds and the trial court does not specify the ground upon which it relied in granting the motion, the burden lies with the appellant to negate the viability of each ground.  *Carr v. Brasher*, 776 S.W.2d

2

567, 569 (Tex. 1989). In other words, if at least one of the several grounds supports the trial court's decision, then we must affirm that decision.

The crux of Willoughby's motion for summary judgment involved the effect of a pre-injury "Waiver/Release of Liability Form" executed by Sandra. Therein, Sandra expressed that she wished to participate in self-defense training and certified that she was at least 18 years old. She further represented, via the document, that:

> "I understand that self-defense training is inherently dangerous and I knowingly and willingly assume all risk of injury or other damage associated with such training. I release all teachers, students, and other parties from any claim of any and all liability that may result from any injury received, and I hereby waive all claims that I, or anyone else on my behalf, may make with respect to such injury or damages. I agree for myself and my successors that . . . should I or my successors assert any claim in contravention to this agreement, I and my successors shall be liable for the expenses including . . . legal fees incurred by the other party or parties in defending unless the party or parties are adjudged finally liable on such claim for willful and wanton negligence . . . ."[1]

According to Sandra, partaking in the self-defense class was an aspect of her employment as a jailer for the Gray County Sheriff's department. Furthermore, the injury at issue occurred when Willoughby and Sandra were engaged in a training exercise. As part of the exercise, Willoughby charged Sandra, who was expected to thwart the charge. As he did, she attempted a "block," but when the two came into physical contact, they fell.

---

[1]Sandra alleged in her petition that the injuries she suffered "were proximately caused by reckless and wanton conduct of Defendant" and she sought punitive damages due to "Defendant's . . . 'willful and wanton' negligence . . . ." Yet, she does not argue before us that the provision of the release concerning Willoughby's potential liability for "willful and wanton negligence" removed her claims from the scope of the waiver. Nor does she assert that the release encompassed only injury arising from negligent activity as opposed to reckless or wanton conduct or gross negligence. So we need not consider those matters. *See Hathaway v. Tascosa Country Club, Inc.,* 846 S.W.2d 614, 617 (Tex. App.–Amarillo 1993, no pet.) (holding that for one to be liable for injuring another while participating in a sport where injury is foreseeable, the injury must arise from reckless or intentional conduct).

Willoughby landed atop her. During the exchange, Sandra heard a "pop" and realized that she injured her ankle.

Next, of the various grounds for summary judgment uttered by Willoughby, one involved the doctrine of assumed risk. However, the doctrine propounded was not that arising under common law but that emanating contractually. In other words, Willoughby argued that Sandra contractually assumed the risk of engaging in what she expressly agreed to be an inherently dangerous activity. That the allegation was founded upon contract was and is of import since the common law doctrine of assumed risk is no longer viable in Texas. *Farley v. M M Cattle Co.*, 529 S.W.2d 751, 758 (Tex. 1975); *Moore v. Phi Delta Theta,* 976 S.W.2d 738, 741 (Tex. App.–Houston [1st Dist.] 1998, pet. dism'd). Yet, that founded upon contract remains live and well. *Id.* Additionally, when one assumes, via contract, the risk of engaging in a particular activity, the applicable body of law is that developed under the umbrella of the common law doctrine. *See Farley v. M M Cattle Co.*, 529 S.W.2d at 758 (in vitiating the common law doctrine of assumed risk, the court stated that the current status of the defense when founded upon contract or strict liability remains unaffected). Finally, the effect of the defense is to negate any duty owed the plaintiff by the defendant to protect against foreseeable risks. *Adam Dante Corp. v. Sharpe*, 483 S.W.2d 452, 458 (Tex. 1972); *see Hathaway v. Tascosa Country Club, Inc.,* 846 S.W.2d 614, 616-17 (Tex. App.–Amarillo 1993, no pet.) (holding that one injured while participating in a sport where injury is foreseeable may not sue another participant for negligently causing the injury).

Given the provision of the release wherein Sandra both expressly acknowledged the inherent danger involved in self-defense training and "knowingly and willingly assume[d] *all* risk of injury or other damage associated with such training," we cannot but conclude that the contractual doctrine of assumed risk applied at bar. (Emphasis added). Sandra having assumed "all risk of injury . . . associated with such training," she effectively relieved Willoughby of the duty to protect her from foreseeable injury while instructing her in self-defense.[2] *Adam Dante Corp. v. Sharpe*, *supra.*

Sandra did argue that suffering physical injury was not an inherent risk of undergoing training in self-defense, *i.e.* that the risk of injury was not foreseeable. Yet, we must disagree for several reasons. First, she expressly conceded the issue via her execution of a release stating that the activity was "inherently dangerous." Second, she cites us to no evidence of record, lay or otherwise, purporting to negate her concession or rebut Willoughby's attestation that "the risk of injury is inherent in martial arts and self-defense training." Third, the training contemplated here involved learning techniques to counteract physical attack from those whom she guarded. The techniques were not merely verbal but implicated the use of physical contact and force. That the application of contact and force sufficient to deter aggression can result in bodily injury is a matter of common sense; indeed, Sandra herself admitted, via deposition, that she understood the possibility of that happening while engaged in the class.[3] Thus, the evidence of record coupled with

---

[2]Again, we note that the question of whether the release also relieved Willoughby of any duty to avoid acting recklessly, wantonly, or grossly negligent is not raised by Sandra on appeal. Nor do we suggest that the document relieved him of such duties since the matter is not before us.

[3]The injuries she mentioned were "bumps and bruises," however.

5

reason established, as a matter of law, that injury caused by participating in self-defense training was and is foreseeable.

Finally, and to the extent Sandra posits that enforcing contractual claims of assumed risk violate public policy, we again note that such a defense is recognized by our Supreme Court. Being so recognized, we cannot say that it is against public policy.[4]

In short, the risk of injury attendant to engaging in the type of self-defense course involved at bar was and is foreseeable. The injury being foreseeable and Sandra having contractually assumed the risk of foreseeable injury, Willoughby was entitled to judgment as a matter of law. And, given the record and arguments before us, we cannot say that the trial court erred in granting him that relief.

Having found at least one ground supporting summary judgment, we affirm the judgment of the trial court.

Brian Quinn
Chief Justice

---

[4]Sandra also discussed the express negligence doctrine in her brief. Yet, a fair reading of the argument leads us to conclude that she posed the theory as a means of attacking the effect of the release and waiver provisions of the document she signed. It was not used as a means of negating the claim of assumed risk.