Michael Paul MONK and Patricia
Sue Monk, Appellants,

v.

Jeffrey L. PHILLIPS, Appellee.

No. 2–97–314–CV.

Court of Appeals of Texas,
Fort Worth.

Dec. 3, 1998.

Rehearing Overruled Jan. 14, 1999.

Carter, Jones, Agnew & Kruka, Ralph C. Jones, Todd E. Betanosa, Dallas, for appellants.

Johnson & Sylvan, P.C., W. Coleman Sylvan, Dallas, for appellee.

Before DAUPHINOT, RICHARDS, and HOLMAN, JJ.

## OPINION

LEE ANN DAUPHINOT, Justice.

### INTRODUCTION

Michael Paul Monk and Patricia Sue Monk ("the Monks") sued Jeffrey L. Phillips ("Phillips") for personal injuries Michael Monk ("Michael") sustained during a recreational game of golf. Phillips moved for summary judgment, alleging that, as a matter of law, his conduct was neither reckless nor intentional. The trial court granted Phillips's motion for summary judgment. In their sole issue on appeal, the Monks argue that because there is a genuine issue of material fact as to one or more elements of their cause of action, the granting of summary judgment was improper. Because we find as a matter of law that the Monks cannot establish that Phillips acted recklessly or intentionally, there is no genuine issue of material fact. We affirm the trial court's grant of summary judgment.

### FACTUAL BACKGROUND

Michael, Phillips, Gary Duffek ("Duffek"), and Gary Watson ("Watson") were playing a

recreational game of golf as a foursome when the incident occurred. Phillips's first tee shot on the second hole traveled off to the right side of the fairway into the trees. Phillips then shot a mulligan, a second tee shot, which also traveled off to the right and landed near the first ball. Because only the second ball was visible from the cart path, Michael and Duffek attempted to retrieve the missing first ball.

Phillips decided to play the second ball and proceeded to its location in the rough to the right of the fairway. At this point, Michael and Duffek, riding in the golf cart, passed in front of Phillips and then to Phillips's right. Phillips heard Duffek say "look out, he's fixing to hit." No one told Phillips to wait. Phillips then hit the ball off the toe of his golf club, shanking the ball to the right at an approximately ninety-degree angle from where he intended the ball to go. The ball struck Michael, leaving him blind in his right eye.

## STANDARD OF REVIEW

Because Phillips's motion for summary judgment was filed on August 4, 1997, this case is governed by rule 166a of the rules of civil procedure as it existed prior to its amendment effective September 1, 1997.[1] In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.[2] The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant.[3] Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the non-movant.[4]

In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true.[5] Evidence that favors the movant's position will not be considered unless it is uncontroverted.[6] The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant's cause of action or defense as a matter of law.[7]

A defendant is entitled to summary judgment if the summary judgment evidence establishes, as a matter of law, that at least one element of a plaintiff's cause of action cannot be established.[8] To accomplish this, the defendant-movant must present summary judgment evidence that negates an element of the plaintiff's claim. Once this evidence is presented, the burden shifts to the plaintiff to put on competent controverting evidence that proves the existence of a genuine issue of material fact with regard to the element challenged by the defendant.[9]

## APPLICABLE STANDARD OF CARE

The Dallas Court of Appeals was the first Texas court to decide the issue of the legal duty owed by one participant to another participant in a competitive contact sport.[10] The *Connell* court rejected the ordinary negligence standard and held that

1. *See* Tex.R. Civ. P. 166a (Vernon Supp.1997, amended 1997).

2. *See* Tex.R. Civ. P. 166a(c); *Calvillo v. Gonzalez,* 922 S.W.2d 928, 929 (Tex.1996); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979).

3. *See Friendswood Dev. Co. v. McDade + Co.,* 926 S.W.2d 280, 282 (Tex.1996); *Cate v. Dover Corp.,* 790 S.W.2d 559, 562 (Tex.1990); *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965).

4. *See Great Am.,* 391 S.W.2d at 47.

5. *See Harwell v. State Farm Mut. Auto. Ins. Co.,* 896 S.W.2d 170, 173 (Tex.1995); *Montgomery v. Kennedy,* 669 S.W.2d 309, 311 (Tex.1984).

6. *See Great Am.,* 391 S.W.2d at 47.

7. *See City of Houston,* 589 S.W.2d at 678.

8. *See Science Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 911 (Tex.1997).

9. *See Centeq Realty, Inc. v. Siegler,* 899 S.W.2d 195, 197 (Tex.1995).

10. *See Connell v. Payne,* 814 S.W.2d 486, 488 (Tex.App.—Dallas 1991, writ denied).

[a] participant in a competitive contact sport expressly consents to and assumes the risk of the dangerous activity by voluntarily participating in the sport. We hold that for a plaintiff to prevail in a cause of action for injuries sustained while participating in a competitive contact sport, the plaintiff must prove the defendant acted "recklessly" or "intentionally" as the Restatement of Torts defines those terms.[11]

While *Connell* involved an injury during a polo match, the Amarillo Court of Appeals applied the same reasoning to the non-contact sport of golf: "We hold that for a plaintiff to prevail in a cause of action against a fellow golfer, the defendant must have acted recklessly or intentionally."[12] The Waco Court of Appeals has also adopted the reckless or intentional standard of care.[13] We agree with our sister courts of appeals that the reckless or intentional standard is the correct standard of care applicable to a cause of action against a fellow golfer.

### RECKLESSNESS

▇▇▇ The Monks concede that Phillips did not intend to injure Michael, but they argue that Phillips's conduct was reckless. The Restatement (Second) of Torts defines reckless disregard of safety as follows:

> The actor's conduct is in reckless disregard of the safety of another if he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent.[14]

Reckless conduct is often characterized as "wanton or wilful."[15] Furthermore, reck-

lessness differs from that form of negligence consisting of "mere inadvertence, incompetence, [or] unskillfulness, ... in that reckless misconduct requires a conscious choice of a course of action, either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man."[16]

### APPLICATION OF LAW TO FACTS

Phillips relied on the depositions of Duffek, Phillips, and Michael as summary judgment evidence. Although the exact distance between Phillips and the golf cart in which Michael and Duffek were riding is in controversy, it is uncontroverted that Michael and Duffek were not directly in front of Phillips. Michael and Duffek were located to Phillips's right, at an approximately ninety-degree angle. Phillips waited for Michael and Duffek to pass in front of him and to his right before hitting the ball. Phillips heard Duffek say, "he's fixing to hit." Nobody told Phillips to wait. Phillips was aiming to shoot the ball straight, but he hit the ball off the toe of his club, shanking it ninety degrees to the right of its intended direction. As Duffek stated in his deposition, "I'm sure he just hit it off the toe, just a bad shot."

▇▇▇ While Phillips's conduct may qualify as incompetence or unskillfulness, we find as a matter of law that it does not rise to the level of recklessness. Shanking the ball is a foreseeable and not uncommon occurrence in the game of golf that all golf players must accept.[17] As the *Hathaway* court noted,

> Because of the great likelihood of these unintended and offline shots, it can indeed be said that the risk of being inadvertently hit by a ball struck by another competitor is built into the game of golf.... "It is well known that not every shot played by a golfer goes to the point where he intends it to go. If such were the case, every player

---

11. *Id.* at 488–89.

12. *Hathaway v. Tascosa Country Club, Inc.,* 846 S.W.2d 614, 617 (Tex.App.—Amarillo 1993, no writ).

13. *See Allen v. Donath,* 875 S.W.2d 438, 440 (Tex.App.—Waco 1994, writ denied) (holding that trial court properly applied reckless conduct standard of care).

14. Restatement (Second) of Torts § 500 (1965).

15. *See id.* § 500 special note.

16. *Id.* § 500 cmt. g.

17. *See Hathaway,* 846 S.W.2d at 616; *Allen,* 875 S.W.2d at 440.

would be perfect and the whole pleasure of the sport would be lost. It is common knowledge, at least among players, that many bad shots must result although every stroke is delivered with the best possible intention and without any negligence what[so]ever." Many bad shots carry the ball to the right or the left of an intended line of play. Golfers playing to the right or left of that line will of course be endangered by such shots. "This risk all golf players must accept." [18]

## HOLDING

We find that the summary judgment evidence presented by Phillips establishes as a matter of law that Phillips's conduct was not reckless or intentional. The Monks have not presented competent controverting evidence that proves the existence of a genuine issue of material fact with regard to the element of recklessness or intent. We therefore overrule the Monks' sole issue on appeal and affirm the trial court's grant of summary judgment.

---

**18.** *Hathaway,* 846 S.W.2d at 616–17 (citations omitted) (quoting *Benjamin v. Nernberg,* 102 Pa.Super. 471, 157 A. 10, 11 (Pa.Super.Ct.1931)).