Opinion issued November 10, 2010.

 

 

 

 

 

 



 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-09-00458-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



SABRINA K. TAYLOR, Appellant

 

V.

 

THERESA WASHBURN-GRANT, Appellee

 

 



On Appeal from the 157th District Court

Harris County, Texas

Trial Court Cause No. 2007-75899

 

 



MEMORANDUM OPINION

Sabrina Taylor appeals the denial of
her motion for judgment notwithstanding the verdict in a civil assault
case.  In doing so, Taylor challenges the
legal sufficiency of the jury’s verdict that Theresa Washburn-Grant did not
commit an assault.  Finding no error, we
affirm.

Background

Sabrina Taylor worked for the
University of Phoenix as an academic counselor at a Houston campus.  Theresa Washburn-Grant worked for the
University of Phoenix as well, but at a different Houston location.  Both Taylor and Washburn-Grant participated
in a university-sponsored employee social event in December 2005.  The event consisted of series of games and
activities in a carnival-like atmosphere. 
Taylor and Washburn-Grant were the final contestants in a musical chairs
tournament.  During the final round, both
held on to the remaining chair as they circled it.  When the music stopped, Washburn-Grant pulled
the chair away from Taylor.  Taylor lost her
balance and fell to the floor. 

Grant emphasized that she did not
intend to cause Taylor injury.  She
further testified that, after the fall, Taylor did not appear to be injured.  Washburn-Grant immediately reached down to
help Taylor to her feet, and they laughed and hugged.  Washburn-Grant asked Taylor if she was okay,
and Taylor said she felt fine.  In
contrast, according to Taylor, she kept passing out and had to be revived by
other employees during the event.  Several
minutes after the incident, Taylor began preparing to serve as master of
ceremonies for the final activity, a karaoke competition.  Taylor, who won the competition the previous
year, also performed a song and distributed prizes.  Taylor stayed to help place the tables and
chairs in their original positions when the event was over.  

Taylor took medical leave intermittently
during 2006 and early 2007, but received a full release with zero permanent
impairment to perform her job in May 2007. 
In the fall of 2007, however, she took additional leave.  At least some of that leave was for unrelated
health reasons.  By March 2008, she had exhausted
her available leave, and Phoenix required that she provide a qualified medical
release for her return to work.  When she
did not provide the release, she was discharged from the company.  

Taylor sued Washburn-Grant for civil
assault.  At trial, Taylor testified that
as a result of the fall, she had lumbar and cervical disc problems and
occipital lobe damage.  She also stated
that she suffers from muscle spasms, nerve pain and numbness, chronic migraine headaches,
vision problems, memory loss, sleep deprivation, and depression.  Taylor informed the jury that the Social Security
Administration had declared her 100% disabled.  

The jury saw a 23-second video
recording, provided by Taylor, of the musical chairs incident.  Taylor conceded that, in addition to the
musical chairs incident, the video originally had contained recordings and
still photos of various other events that had occurred throughout the day, but
that the rest of the recording was missing.  This concession led the trial court to instruct
the jury on spoliation of evidence as follows:

You are
instructed that if there is evidence pertinent to this case that was in the
exclusive possession and control of a party and which has not been produced,
and its disappearance or non-production has not been satisfactorily explained,
then you may, but are not required to, presume that the missing evidence would
have been unfavorable to that party.

The jury found that Washburn-Grant
did not assault Taylor.  The trial court
denied Taylor’s motion for jnov and entered a take-nothing judgment based on
the verdict.  Taylor timely appealed.[1]

Discussion

Standard of Review

          We construe Taylor’s issues on appeal
as challenges to the denial of her motion for jnov and to the sufficiency of
evidence supporting the jury’s verdict.  In
reviewing Taylor’s challenge to the verdict in favor of Washburn-Grant, we may
set aside that verdict as based on legally insufficient evidence only if the
evidence at trial would not enable reasonable and fair-minded people to reach
the verdict under review.  See City of Keller v. Wilson, 168 S.W.3d
802, 827 (Tex. 2005).  We review the
evidence in the light most favorable to the verdict, crediting evidence that
supports the judgment if reasonable jurors could and disregarding contrary
evidence unless reasonable jurors could not.  Id.;
see Ysleta Indep. Sch. Dist. v. Monarrez,
177 S.W.3d 915, 917 (Tex. 2005).

We also review the trial court’s
denial of a motion for jnov under a legal sufficiency standard.  Keller,
168 S.W.3d at 827 Whitney Nat’l Bank v.
Baker, 122 S.W.3d 204, 207 (Tex. App.—Houston [1st Dist.] 2003, no pet.).  The trial court should grant a motion for jnov
when the moving party has established each element of her cause of action so
conclusively that reasonable minds could not differ as to the truth of the
controlling facts.  See id.

Assault

The jury responded “no” to the first
jury question—“Did Theresa Washburn-Grant commit an assault against Sabrina
Taylor?”  The elements of assault are the
same in civil and criminal suits.  Hall v. Sonic Drive-In of Angleton, Inc.,
177 S.W.3d 636, 649 (Tex. App.—Houston [1st Dist.] 2005, no pet.); Morgan v. City of Alvin, 175 S.W.3d 408,
418 (Tex. App.—Houston [1st Dist.] 2004, no pet.).  A person commits an assault if the person 

(1)     intentionally, knowingly
or recklessly causes bodily injury to another, including the person’s spouse; 

(2)     intentionally or knowingly
threatens another with imminent bodily injury, including the person’s spouse;
or 

(3)     intentionally or knowingly
causes physical contact with another when the person knows or should reasonably
believe that the other will regard the contact as offensive or provocative.  

Tex. Penal
Code Ann. § 22.01(a)
(Vernon Supp. 2010).  

          Taylor
contends that Washburn-Grant’s admission that she pulled the chair out
intentionally during the game of musical chairs conclusively proves an assault.[2]  Washburn-Grant, however, offered a defensive
theory of “no intent to injure,” which disputes the offense of assault.  See Ex parte
Nailor, 149 S.W.3d 125, 132–33 (Tex. Crim. App. 2004).  

          Intent

Taylor failed to conclusively prove that
Washburn-Grant intentionally, knowingly, or recklessly caused Taylor’s bodily injury
as required to compel a finding under subsection (1) of the statute.  Intentional actions that result in harm are
not necessarily actions intended to cause harm.  See Reed
Tool Co. v. Copelin, 689 S.W.2d 404, 406 (Tex. 1985) (observing that
intentional tort requires specific intent to inflict injury and holding that
employer’s “intentional failure to furnish a safe place to work does not rise
to the level of intentional injury except when the employer believes his
conduct is substantially certain to cause the injury”) (citing Restatement (Second) of Torts § 8A
(1965)).  The jury heard evidence that
Washburn-Grant reacted to Taylor’s fall with concern and friendliness, and
Taylor laughed and hugged her afterwards.  Washburn-Grant testified that she had no
intent to injure Taylor and did not know that Taylor would sustain
injuries.  The jury also heard evidence
pertaining to the nature of the game and the level of roughhousing that ordinarily
occurred to show that Washburn-Grant acted consistently with the spirit of the
game of musical chairs.  See, e.g., Monk v. Phillips, 983 S.W.2d 323, 325–26 (Tex. App.—Fort Worth 1998,
pet. denied) (holding that golfer who shanked ball, which struck and blinded
appellant, did not commit assault, observing that “the risk of being
inadvertently hit by a ball struck by another competitor is built into the game
of golf”).  The evidence thus does not conclusively
show that Washburn-Grant had the requisite intent to commit an assault so as to
override the jury’s finding that she did not. 


Causation

Furthermore, Taylor failed to conclusively
prove that the incident caused her injuries. 
To prove causation, Taylor relied solely on her own testimony—she did
not present any competent medical testimony or any medical records.  The jury heard evidence of Taylor’s continued
active participation in the day’s events. 
This evidence undermines Taylor’s testimony concerning the cause and
extent of her injuries.  Juries are free
to believe all or part of conflicting witness testimony about the existence and
severity of a physical injury and associated pain.  Golden
Eagle Archery, Inc. v. Jackson, 116 S.W.3d 757, 774–75 (Tex. 2003).  Finally, the spoliation instruction, which
Taylor does not challenge, allowed the jury to presume that the missing videotaped
material hurt Taylor’s case.  We hold
that the trial court properly overruled Taylor’s motion for jnov because she
did not conclusively prove that Washburn-Grant caused her injury so as to
disturb the jury’s verdict to the contrary.

Conclusion

The trial court did not err in
denying Taylor’s motion for jnov and properly entered judgment on the verdict.  We therefore affirm the judgment of the trial
court.  All pending motions are dismissed
as moot.

 

 

 

                                                          Jane
Bland

                                                          Justice

 

Panel consists of Justices Keyes,
Higley, and Bland.











[1]           Taylor
filed her notice of appeal on May 21, 2009. 
The trial court signed the final judgment on September 10, 2010.  We therefore deem Taylor’s notice of appeal
filed as of September 10, 2010.  See Tex.
R. App. P. 27.1; see also Tex. R. App. P. 27.2 (“The appellate
court may treat actions taken before an appealable order is signed as relating
to an appeal of that order and give them effect as if they had been taken after
the order was signed.”).





[2]
          Taylor’s challenge on appeal
concerns proof of assault as set forth under subsection (1) of the assault
statute.  See Tex. Penal Code Ann.
§ 22.01(a)(1).  We therefore confine
our review to the evidence relevant to that theory.